UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONZEL SIMMONS,

    Petitioner,                                    Case No. 2:14-cv-12856

v.                                              HONORABLE STEPHEN J, MURPHY, III

SHERRY BURT,

    Respondent.
_____/

**OPINION AND ORDER GRANTING
PETITIONER'S MOTIONS TO LIFT THE STAY, AMEND
THE PETITION, AND SUPPLEMENT AUTHORITY [19, 20], DENYING
PETITIONER'S MOTION TO APPOINT COUNSEL [21], AND DIRECTING
THE CLERK OF THE COURT TO REOPEN THE CASE AND AMEND THE CAPTION**

Petitioner Vonzel Simmons is incarcerated in a Michigan prison and has filed a petition for a writ of habeas under 28 U.S.C. § 2254. The Court held the petition in abeyance to permit Simmons to return to the state courts to exhaust additional claims. He claims he has done so and now brings three motions: (1) a motion to lift the stay and amend the petition, (2) a motion to supplement the authority for his petition, and (3) a motion to appoint counsel. ECF 19, 20, 21. The Court will grant the first two motions and deny the third without prejudice.

I.    Lifting the Stay

Upon timely request by a habeas petitioner and exhaustion of state court remedies, a federal court may reinstate a habeas petition.. *See, e.g.*, *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Simmons alleges that his claims were exhausted with the state courts and his proposed, amended habeas petition advances new claims that may

1

have arguable merit. *Cf. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). The case will therefore be reopened, and the Clerk of Court will be directed to serve the amended petition on Respondent and Michigan's Attorney General, and also to amend the caption to reflect the change to the petition.

II.     Supplementing Authority

Simmons has also filed a motion to supplement authority. The Court is already permitting Simmons to file an amended petition and a habeas petitioner is permitted to assert his claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). The Court will grant the motion.

III.    Appointment of counsel

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). Appointing counsel for a federal habeas petitioner is within the discretion of the court and is required only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Simmons has filed an original habeas petition, an amended habeas petition, and numerous motions. He has the means and ability to present his claims to the court. Furthermore, until the Court reviews the pleadings filed by petitioner and respondent and

the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. At this point, the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). The motion will therefore be denied without prejudice. Simmons is free to raise a similar motion in the future.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to lift the stay and amend the petition [19] is **GRANTED.** The Clerk of the Court shall **REOPEN** the habeas petition to the Court's active docket**.**

**IT IS FURTHER ORDERED** that The Clerk of Court shall **AMEND** the caption to reflect the name of Petitioner's current warden, Sherry Burt.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SERVE** a copy of the amended petition for a writ of habeas corpus (ECF 19), and a copy of this Order on Respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that Respondent shall **FILE** a supplemental answer and any additional Rule 5 materials within **one hundred and eighty (180) days** of the date of this order or show cause in writing prior to that date why they are unable to comply with the order. Respondent shall file and additional Rule 5 materials with the answer.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty five (45) days** from the date that he receives the answer to file a reply brief, if he chooses to do so.

**IT IS FURTHER ORDERED** that the motion to supplement authority [20] is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to appoint counsel [21] is **DENIED**

**WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: December 6, 2018             s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 6, 2018, by electronic and/or ordinary mail.

                                    s/ David P. Parker
                                    Case Manager